# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KOO KWANG JUNG,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:12-cv-00382-LRH-WGC

**ORDER**

    Petitioner commenced this action to challenge the validity of state-court judgments of conviction. The court has given petitioner two opportunities to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the court's form. Orders (#3, #6). Petitioner's latest filing is a reply and motion for relief (#7). Despite the court's explanation that § 2254 is the sole means for petitioner to obtain relief, he continues to insist that he may seek relief pursuant to 28 U.S.C. § 2241.[1] Petitioner has not submitted a petition pursuant to § 2254 within the allotted time, and the court will dismiss this action.

    Reasonable jurists would not find this court's decision to be debatable or wrong, and the court will not issue a certificate of appealability.

    IT IS THEREFORE ORDERED that petitioner's motion for relief (#7) is **DENIED**.

    IT IS FURTHER ORDERED that this action is **DISMISSED** without prejudice for petitioner's failure to comply with the court's orders (#3, #6). The clerk of the court shall enter judgment accordingly.

---

[1] Petitioner argues unpersuasively that White v. Lambert, 370 F.3d 1002 (9th Cir. 2004), on which this court relied, was overruled by Hayward v. Marshall, 603 F.3d 546, 554 (9th Cir. 2010). In its most recent order (#6), the court noted that White was overruled, but on other grounds. The statement that § 2254 is the exclusive means for petitioner to obtain relief is still good law.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED this 11th day of December, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE